a thing which he has not; so that such a mortgage cannot be a grant or sale of chattels not then owned by the mortgagor, but is good only as an agreement to make such a grant or sale when it becomes legally possible to do so.     It is obvious that the law, in the respect under consideration, must be the same whether the mortgagor be a corporation or an individual; for the reason of it, viz. the impossibility of granting what one has not, is as applicable to one as to the other.     But, in the case of railroad company mortgages, I think that property acquired after the making of such a mortgage comes at once under its lien.     The statute permits railroad companies to borrow money in advance to build and operate their roads, and to issue bonds therefor, secured by mortgage upon their corporate franchises and real and chattel property.     Chapter 140, Laws 1850.     This certainly contemplates, as the road is to be built and equipped out of the money so borrowed, that the mortgage is to cover the property as it is acquired.     By virtue of the scheme of the statute, therefore, the common-law rule is superseded, and the actual lien of the mortgage attaches to after-acquired property, and is prior to the lien of subsequent attaching or judgment creditors.     Though this reason is not given for it, this is the rule in the United States courts.     Pennock v. Coe, 23 How. 117; Thompson v. Railroad Co., 132 U. S. 68, 10 Sup. Ct. 29; Trust Co. v. Kneeland, 138 U. S. 414, 11 Sup. Ct. 357.

I think the petitioner must fail for another reason.     If the lien of the mortgage be treated as only equitable, it was made actual and effectual by the receiver's taking possession of the property in the action in aid of the foreclosure of the mortgage.

The motion is denied.

---

FARMERS' LOAN & TRUST CO. v. STATEN ISLAND BELT-LINE R. CO. et al

(Supreme Court, Special Term, Kings County. May, 1896.)

MORTGAGES—RIGHT OF MORTGAGEE AFTER APPOINTMENT OF RECEIVER.

    A mortgagee, by asking for the appointment of a receiver in an action to foreclose, submits to the discretion of the court in the management of the property, and cannot afterwards object that the court has no power, as to him, to do any act in the management of the property without his special consent.

Action by the Farmers' Loan & Trust Company, as trustee, against the Staten Island Belt-Line Railroad Company and others, to foreclose a mortgage.

Julien T. Davies, for the motion.
Albert Renaud and A. S. Bacon, opposed.

GAYNOR, J.     A fair statement of the rule seems to be that when a mortgagee, in an action to foreclose his mortgage, invokes the extraordinary aid of equity by the appointment of a receiver of the mortgaged property in his interest, he thereby submits to the reasonable discretion of the court in the management and control of

the property, through its receiver, and that the action of the court in that respect represents and binds the mortgagee as well as the owner. High, Rec. § 394a. After thus generally submitting the property to the discretion of the court, the mortgagee may not say that the court has no power as to him to do any act in the conservation and management of the property which lessens the lien of the mortgage, without his special consent. That was the position this plaintiff put itself in by having the court appoint the receiver. The defendant railroad company and the plaintiff (the owner and the mortgagee) had the power to bind themselves by making the agreement which the receiver made under the court's order, for the perpetual joint use with the said defendant company of less than 1,000 feet of its route in question, by the Port Richmond & Prohibition Park Electric Railroad Company; and the act of the court was for and binding upon both of them. If the court's order was improvident or an abuse of discretion, the only way to be relieved from it was by appeal, all parties having been heard upon notice, and the plaintiff having opposed the making of it. It cannot be said that the said order and agreement do not affect the mortgagee, though binding upon the owner, and that, therefore, the judgment of foreclosure barred the said agreement or lease made under the said order.

This motion of the purchaser at the foreclosure sale to vacate the said order, or to limit the duration of the said agreement or lease to the time of going into possession by the purchaser under the foreclosure, and for an order putting the said purchaser into exclusive possession of the portion of the route in question, is therefore denied.